**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GUADALUPE RIOS-PINELA,

Defendant-Appellant.

No. 07-3117

(D. of Kan.)

(D.C. No.06-CR-40073-SAC)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Guadalupe Rios-Pinela pleaded guilty to possession with intent to distribute

and dispense a controlled substance in violation of 21 U.S.C. § 841(a)(1). He was

sentenced to 120 months imprisonment. On appeal, Rios-Pinela's counsel

submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

her belief that any appeal would be wholly frivolous. We agree with defendant's counsel, and AFFIRM the judgment below.

## I. Background

Rios-Pinela entered into a plea agreement with the government. In exchange for the government seeking to dismiss two out of the three counts in its indictment, Rios-Pinela pleaded guilty to one count of possession with intent to distribute and dispense a controlled substance in violation of 21 U.S.C. § 841(a)(1). Rios-Pinela also agreed to waive his appellate rights, excepting two circumstances: (1) the district court sentenced him outside the properly calculated United States Sentencing Guidelines range, or (2) the government appealed the sentence imposed.

Ordinarily, the waiver would preclude this appeal. But at the plea hearing the district court agreed with Rios-Pinela when the latter stated, "I have the right to appeal whatever sentence you impose." R., Vol. III, Tr. of Plea Hearing at 20. This exchange took place immediately before Rios-Pinela signed the plea agreement, and casts some doubt as to whether he knowingly and voluntarily agreed to waive his appellate rights. *See United States v. Wilken*, 498 F.3d 1160, 1168–69 (10th Cir. 2007) (concluding the district court's erroneous statement concerning defendant's appellate rights cast doubt on whether the waiver of those rights was knowing and voluntary). Due to the doubt created by the court's

statement, a panel of this court refused to grant the government's motion to enforce the plea agreement and allowed Rios-Pinela's appeal to proceed.

Following our order denying the government's motion, Rios-Pinela's counsel submitted an *Anders* brief. She concluded none of Rios-Pinela's potential issues for appeal were meritorious. The government did not submit a brief in reply. Rios-Pinela was given time to file additional arguments with this court, but failed to do so. After conducting a full examination of the record, we agree with defense counsel that Rios-Pinela's claims are entirely frivolous.

## II. Discussion

In her *Anders* brief, Rios-Pinela's counsel raised two issues on the merits.[1] The first related to ineffective assistance of counsel. The second discussed whether Rios-Pinela's sentence comported with *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.

### A. Ineffective Assistance of Counsel

We decline to review Rios-Pinela's ineffective assistance of counsel claim at this time. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005) (internal quotation marks

---

[1] Counsel also raised a third issue entitled "Waiver of Appeal." Since we reach the merits, this claim is moot.

omitted).  There is nothing special about this case to cause us to depart from the normal rule that ineffectiveness claims will only be considered on collateral review.

*B.  Sentencing Issues*

We review a district court's sentencing decision for an abuse of discretion. *United States v. Smart*, No. 06-6120, __ F.3d __, 2008 WL 570804, *5 (10th Cir. Mar. 4, 2008).  "In sentencing defendants, district courts exercise a guided discretion within a range specified by Congress." *Id.* at *8.  The sentence imposed must be both procedurally and substantively reasonable. *Id.* at *2. Sentences imposed within a properly calculated Guidelines range are accorded a presumption of substantive reasonableness. *United States v. Hernandez*, 509 F.3d 1290, 1298 (10th Cir. 2007).

We find nothing in the record to indicate the district court's sentencing determination was either procedurally or substantively unreasonable. Procedurally, the court correctly determined the low end of the appropriately calculated Guidelines range was 120 months, due to the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A). *See, e.g.*, *United States v. Cano-Varela*, 497 F.3d 1122, 1131 (10th Cir. 2007).  Substantively, 120 months was a reasonable sentence considering the nature of the crime and the factors set forth in 18 U.S.C. § 3553(a). *See, e.g.*, *Hernandez*, 509 F.3d at 1297–98 ("A sentence is substantively reasonable when it reflects the gravity of the crime and the

-4-

§ 3553(a) factors as applied to the case." (internal quotation marks omitted)). Rios-Pinela cannot overcome the presumption of substantive reasonableness which attaches to his within-Guidelines sentence.

Accordingly, the district court did not abuse its discretion in sentencing Rios-Pinela to the mandatory minimum term of 120 months imprisonment.

### III.  Conclusion

After fully examining the record, we conclude Rios-Pinela can raise no legally non-frivolous arguments on appeal.  We therefore AFFIRM the sentence below and GRANT counsel's motion to withdraw from the case.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge